IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA SR.,

      Petitioner,

vs.                                                         No. 19cv-571 JCH/GBW

BETTY JUDD, et al.,

      Respondents.

## PRO SE PRISONER CASE MANAGEMENT ORDER

THIS MATTER is before the Court *sua sponte*. The Court has received and docketed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed pro se by Petitioner Victor Andrew Apodaca Sr. *Doc 1*. Petitioner shall include the case number, CV 19-00571 JCH/GBW on all papers filed in this proceeding.

Petitioner must comply with the Rules Governing Section 2254 Proceedings in the District Court, the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see, also, Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). Petitioner is obligated to keep the Court advised of any changes in Petitioner's mailing addresses. Failure to keep the Court informed of

Petitioner's correct address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6.

Because Petitioner is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Petition. *See* Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 4 states:

> "If it plainly appears from the petition and any attached exhibits
> that the petitioner is not entitled to relief in the district court,
> the judge must dismiss the petition and direct the clerk to
> notify the petitioner."

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Petitioner should avoid filing unnecessary motions. Requests for service of process, entry of default, discovery, expansion of the record, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Petitioner's Petition is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, expansion of the record, and scheduling.

Petitioner should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Petitioner is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge. Petitioner also should not make telephone calls to or

ask to speak to the assigned District Judge, the assigned Magistrate Judge, or the Judges' staff, nor should Petitioner ask family members or friends to do so.

Pending before the Court is Petitioner's Motion for Default Judgment (Doc. 2). Because this case is subject to initial screening under Rule 4, there has been no service on Respondents, and entry of default is premature. *Jones v. Bock*, 549 U.S. at 213-214. As such, the Court will deny the Petitioner's Motion for Default Judgment.

**IT IS ORDERED**

(1) Petitioner's Motion for Default Judgment (*Doc. 2*) is DENIED; and

(2) this Case Management Order shall govern proceedings in this case until further order of the Court.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE