IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


VICTOR ANDREW APODACA, SR.,

     Petitioner,

v.                                                                                    Civ. No. 19-571 JCH/GBW


WARDEN BETTY JUDD or REPLACEMENT
"JANE DOE" or "JOHN DOE", and
ALISHA TAFOYA LUCERO,

     Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Petition Under 28 U.S.C. § 2241 for a

Writ of Habeas Corpus (*doc. 1*) filed by Petitioner Victor Andrew Apodaca.  Petitioner

seeks release from state custody under 28 U.S.C. § 2241 on the grounds that his good

time credits have been miscalculated.  *See doc. 1*.  However, the Court's record reflects

that Petitioner has completed his incarceration and is no longer in the custody of the

New Mexico Department of Corrections.  The Court will order Petitioner to show cause

why his claims should not be dismissed as moot due to the absence of a present case or

controversy.

When a prisoner is released from custody, the movant's subsequent release may

cause the § 2241 petition to be moot because it no longer presents a case or controversy

under Article III, § 2, of the Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).  "This

case-or-controversy requirement subsists through all stages of federal judicial

proceedings, trial and appellate….  The parties must continue to have a 'personal stake

in the outcome' of the lawsuit."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)

(quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)); *see also Preiser v. Newkirk,* 422 U.S.

395, 401 (1975).  A petitioner "must have suffered, or be threatened with, an actual

injury traceable to the defendant and likely to be redressed by a favorable judicial

decision."  *Lewis*, 494 U.S. at 477.

An incarcerated prisoner's challenge to the validity of his conviction or sentence

always satisfies the case-or-controversy requirement because the incarceration

constitutes a concrete injury caused by the conviction or sentence and redressable by

invalidation or modification of the conviction or sentence.  Once the prisoner's sentence

has expired, however, some concrete and continuing injury other than the now-ended

incarceration—some "collateral consequence" of the conviction or sentence—must exist

if the suit is to be maintained.  *See*, *e.g.*, *Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968);

*Sibron v. New York,* 392 U.S. 40, 55-56 (1968).

Petitioner has filed a number of proceedings in this Court.  The Court's docket

records and research show that Petitioner is no longer in the custody of the New Mexico

Department of Corrections.  *See Apodaca v. Wilkie*, No. CV 19-00147 MIS/JFR (D.N.M.

Jan. 26, 2022), ECF No. 12 and 2/10/22 docket entry.  Because Petitioner's incarceration

has been completed, there may no longer be any case or controversy that can be

remedied through a § 2241 proceeding.  *Spencer*, 523 U.S. at 7–8.  The Court will order

Petitioner to show cause within thirty (30) days why his § 2241 claims should not be

dismissed as moot because he has been released from custody and whether there is any

case or controversy to be remedied by a § 2241 petition.  If Petitioner does not show

cause within thirty (30) days why the case should not be dismissed as moot, this case

may be dismissed without further notice.

Further, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect

the filing fee from Petitioner or authorize him to proceed without prepayment of the

fee.  Plaintiff has failed to either pay the $5 filing fee or submit an application to proceed

under § 1915 in proper form.  Therefore, the Court will also order Petitioner to show

cause within thirty (30) days of the date of entry of this Order why this proceeding

should not be dismissed for failure to comply with the requirements of 28 U.S.C. §§

1914 and 1915.  If Petitioner does not show cause within thirty (30) days why the case

should not be dismissed for failure to comply with the statutory fee and *in forma*

*pauperis* requirements, the Court may dismiss this case without further notice.

**IT IS THEREFORE ORDERED** that Petitioner show cause, **within thirty (30)**

**days of the entry of this Order**, why his § 2241 Petition should not be dismissed (1) as

moot due to lack of any case or controversy, or (2) for failure to pay the $5 filing fee or

submit an application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

4