IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA, SR.,

       Petitioner,

vs.                                                                                No. CV 19-00571 JCH/GBW

WARDEN BETTY JUDD or REPLACEMENT
"JANE DOE" or "JOHN DOE",
ALISHA TAFOYA LUCERO, et al.,

       Respondents.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by Petitioner Victor Andrew Apodaca. (Doc. 1). Petitioner Apodaca seeks release from state custody under 28 U.S.C. § 2241 on the grounds that his good time credits have been miscalculated. However, the Court's record reflects that Petitioner Apodaca has completed his incarceration and is no longer in the custody of the New Mexico Department of Corrections. The Court will dismiss the Petition as moot due to the absence of a present case or controversy. Plaintiff has also failed to comply with statutory requirements to pay the filing fee or submit an application to proceed *in forma pauperis*. The Court will alternatively dismiss for failure to comply with statutory requirements and failure to comply with a Court Order.

       When a prisoner is released from custody, the movant's subsequent release may cause the § 2241 petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v.*

1

*Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

An incarcerated prisoner's challenge to the validity of his conviction or sentence always satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury caused by the conviction or sentence and redressable by invalidation or modification of the conviction or sentence. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration—some "collateral consequence" of the conviction or sentence—must exist if the suit is to be maintained. *See*, e.g., *Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

Petitioner Apodaca has filed a number of proceedings in this Court. The Court's docket records and research show that Petitioner Apodaca is no longer in custody of the New Mexico Department of Corrections. *See* Doc. 6 and 4/21/ 2022 docket entry*; Apodaca v. Wilkie*, CV 19-00147 MIS/JFR, Doc. 12 and 2/10/22 docket entry. Because it appeared that Petitioner Apodaca is no longer in custody, the Court issued an Order to Show Cause on April 13, 2022. (Doc. 5). The Order to Show Cause directed Petitioner to show cause within 30 days why the Petition should not be dismissed as moot. (Doc. 5). The copy of the Order sent to Apodaca at his address of record was returned as undeliverable (Doc. 6) and Apodaca has not responded to the Order or otherwise communicated with the Court in more than 30 days.

Because Petitioner Apodaca's incarceration has been completed, Apodaca has been released from custody, and there is no longer any case or controversy that can be remedied through a § 2241 proceeding. *Spencer v. Kemna*, 523 U.S. at 7–8. The Court will dismiss his claims as

2

moot because he has been released from custody and there is no longer any case or controversy to be remedied by a § 2241 petition.

Further, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff failed to either pay the $5 filing fee or submit an application to proceed under § 1915 in proper form. Petitioner also failed to respond to the Court's Order to Show Cause why the case should not be dismissed for failure to pay the filing fee or apply to proceed *in forma pauperis* (Doc. 5 at 2-3). Therefore, the Court will also dismiss the proceeding for failure to comply with the requirements of 28 U.S.C. §§ 1914 and 1915 and the Court's Order to Show Cause.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by Petitioner Victor Andrew Apodaca (Doc. 1) is dismissed (1) as moot due to the lack of any case or controversy or (2) for failure to pay the $5 filing fee or submit an application to proceed *in forma pauperis* and to comply with a Court Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE